IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

DEC 1 1 2017

Clerk, U S District Court
District Of Montana
Billings

| UNITED STATES OF AMERICA, | CR 17-32-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| CLAUDIA NORMAN, | |
| Defendant. | |

Before the Court is Defendant Claudia Norman's motion in limine to exclude "other" acts evidence. Doc. 36. For the foregoing reasons, Norman's motion is denied.

Norman is indicted for conspiracy to possess with intent to distribute methamphetamine. Doc. 1. The indictment alleges the conspiracy occurred "beginning in or before December 2015." Doc. 1 at 2. In March 2017, Norman made statements to law enforcement concerning the conspiracy. Specifically, Norman told law enforcement that in December 2015 her step-son called her and stated his friend would be dropping something off for him. Norman believed the "something" was methamphetamine. Doc. 36 at 1-2.

Norman argues the evidence constitutes inadmissible "other" acts evidence and is also more prejudicial than probative. The government responds that the

1

evidence isn't "other" acts evidence because it is direct evidence of the conspiracy for which Norman is indicted. The Court agrees with government.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b) applies to evidence of "other" acts, not to evidence of the acts charged as crimes in the indictment. *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016). In cases where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible under Rule 404(b) because it is not an "other" crime. *Loftis*, 843 F.3d at 1176 (citing 22B Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5239 (1st ed. 2016)). The evidence is offered as direct evidence of the fact in issue, not as circumstantial evidence requiring an inference as to the character of the accused. *Loftis*, 843 F.3d at 1176. To the extent that consequence seems unfair, that is attributable to the nature of the conspiracy charge, not to any defect in Rule 404(b). *Loftis*, 843 F.3d at 1176. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

Here, the indictment alleges Norman conspired to possess methamphetamine with intent to distribute in December 2015. Norman's conversation with her step-son occurred in December 2015 and concerned an apparent methamphetamine

2

transaction. Norman's conversation with her step-son is not an "other" act because it is direct evidence of the conspiracy for which she is indicted. The evidence will not be excluded under Rule 404(b).

Under Rule 403's balancing inquiry, the Court finds the probative value of the evidence is not outweighed by its unfair prejudice. Evidence of a December 2015 methamphetamine transaction for which Norman was allegedly involved is highly probative of whether Norman conspired to possess methamphetamine with intent to distribute in December 2015. On the other side of the balance, the evidence is not unfairly prejudicial to Norman. Any prejudice resulting from the evidence is because of its highly probative nature, not because of any unfairness. On the balance, the evidence will not be excluded under Rule 403.

DATED this 11th day of December, 2017.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge