IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDIA NORMAN,<br><br>Defendant. | CR 17-32-BLG-SPW<br><br>ORDER |

Before the Court is a letter from Defendant Claudia Norman requesting termination of her term of supervised release. (Doc. 92). The Court construes the letter as a motion for early termination of supervised release.

The Court may terminate a defendant's term of supervision after the expiration of one year of supervised release "if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether a defendant's term of supervised release should be terminated, the Court must consider certain factors in 18 U.S.C. § 3553(a). These factors are: "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or

1

vocational training, medical care, or other correctional treatment in the most effective manner"; the advisory Guideline range; any pertinent policy statement issued by the Sentencing Commission; sentencing disparities; and any outstanding restitution obligations. *Id.* § 3583(e), §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7). Additionally, motions often include whether early termination is supported by counsel for the Government, the U.S. Probation Office for the District of Montana, the U.S. Probation Office for the district in which defendant is currently supervised—in Defendant's case, the Eastern District of California (Doc. 88).

Defendant has served just under 26 months of her term of supervised release. (Doc. 88 at 1). However, Defendant has not supplied the Court with any of the other information it needs to determine whether early termination of Defendant's supervised release is appropriate. Without such information, the Court must deny Defendant's motion.

Furthermore, Defendant has indicated she currently lives in Houston, Texas. (Doc. 92). However, the record shows Defendant's current district of supervision as the Eastern District of California. (Doc. 88). Given the restrictions on where Defendant may reside without approval of the Court or the probation officer, the Court requires more information on whether Defendant's move to Texas was

2

authorized. *See* (Doc. 72 at 4).

IT IS SO ORDERED that Defendant Claudia Norman's Motion for Early Termination of Supervised Release (Doc. 92) is DENIED.

DATED this 31st day of January, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge